UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HEATHER L. STEINHARDT,
        Petitioner,

   v.                                          Case No. 18-CV-1410

SARAH COOPER, Warden,
Taycheedah Correctional Institution,
        Respondent.

---

## DECISION AND ORDER

Heather Steinhardt ("Steinhardt") is a Wisconsin state prisoner currently incarcerated at Taycheedah Correctional Institution. In 2014, Steinhardt pleaded no contest to one count each of failure to act to prevent the sexual assault of a child, first-degree sexual assault of a child under age 13 as a party to the crime, and child enticement. She petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that she was denied her Fifth Amendment right to be free from double jeopardy and her Sixth Amendment right to effective assistance of counsel during the plea process.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The charges against Steinhardt arose out of events occurring on April 1, 2013.[1] For roughly three years leading up that date, Steinhardt's husband Walter Steinhardt

---

[1] Facts about the events of April 1 are taken from the criminal complaint in petitioner's case. There was no preliminary hearing and, although additional facts were considered during sentencing, Steinhardt's unconditional no contest plea waived her double jeopardy claim except to the extent it can be established from the record available to the trial court at the time of the plea. *United States v. Lockett*, 859 F.3d 425, 427 (7th Cir. 2017).

("Walter")[2], repeatedly expressed to Steinhardt his interest in having sex with F.G., Steinhardt's daughter, who was at the time under 13 years old. On April 1, 2013, Walter had, throughout the day, been "prodding" Steinhardt to allow her to have sexual intercourse with F.G. Eventually, Steinhardt acquiesced. Steinhardt "went to one of the other rooms were [sic] F.G. was and brought her into the bedroom that [she] shared with Walter." Walter "was prepared," lying on the bed under the covers. Walter then told F.G. to take off her clothes. Steinhardt "remained on the bed while Walter engaged in digital penetration of F.G., Walter had F.G. engage in oral sex with him, and ultimately Walter had sexual intercourse with F.G. placing his penis inside her vagina." When Walter had finished, F.G. left the room to take a shower and Steinhardt following her into the bathroom.

Steinhardt was charged with failure to protect a child from sexual assault contrary to Wis. Stat. § 948.02(3) ("Count 1"), first-degree sexual assault of a child under 13 as a party to a crime contrary to Wis. Stat. §§ 948.02(1)(e) and 939.05 ("Count 2"), and child enticement contrary to Wis. Stat. § 948.07(1) ("Count 3"). She pleaded no contest to all three charges and was sentenced to: 7.5 years of initial confinement and 5 years of extended supervision on Count 1; 15 years of initial confinement and 10 years of extended supervision on Count 2 (consecutive to Count 1); and 15 years of initial confinement and 10 years of extended supervision on Count 3 (concurrent to Count 2).

Steinhardt filed a motion for postconviction relief, asking the circuit court to vacate her conviction for Count 1. She argued that Counts 1 and 2 were multiplicitous, violating her right to be free from double jeopardy. She also asked the circuit court to hold a hearing

---

[2] Walter was F.G.'s stepfather.

to determine whether her counsel was ineffective for failing to advise her of her potential double jeopardy claim. The circuit court found Counts 1 and 2 were not multiplicitous and, consequently, that her counsel had not been ineffective for failing to advise her of a potential double jeopardy claim. Steinhardt appealed the decision.

The Wisconsin Court of Appeals affirmed the decision. *State v. Steinhardt*, 2016 WI App 18, ¶ 1, *aff'd*, 2017 WI 62. It found that Steinhardt had "relinquished the right to direct review of her double jeopardy claim" because the claim could not be resolved solely on the basis of the record available to the circuit court at the time of her plea. *Id.* at ¶ 8 (citing *State v. Kelty*, 2006 WI 101, ¶ 8 ("[A] guilty plea relinquishes the right to assert a multiplicity claim when the claim cannot be resolved on the record.")). The court of appeals also determined that Steinhardt did not sufficiently allege prejudice in her request for a hearing on whether her counsel was ineffective. *Id.* at ¶ 11. Steinhardt sought review by the Wisconsin Supreme Court, which was granted.

The Wisconsin Supreme Court affirmed, addressing the merits of the complaint rather than relying on the guilty-plea waiver rule. *State v. Steinhardt*, 2017 WI 62, ¶ 16 n.13. Consistent with Wisconsin law, the court applied a two-pronged test to determine whether the charges were multiplicitous. *Id.* at ¶ 14 (citing *State v. Anderson*, 2019 Wis.2d 739, 746 (1998). Under the first prong, the court determined "whether the charged offenses were identical in law and fact." *Id.* Under the second, the court considered whether the legislature had intended the multiple offenses to be brought as a single count. *Id.*

The Wisconsin Supreme Court concluded that the charges in Counts 1 and 2 were identical in law, by virtue of Wis. Stat. § 939.66(2p) which makes Count 1 a lesser included

3

offense of Count 2. *Id.* at ¶ 15. Limiting its review to the facts available when Steinhardt's plea was entered, the court found that the charges were not identical in fact. *Id.* Under Wisconsin law, "[c]harged offense are not multiplicitous if the facts are either separated in time or [are] of a significantly different nature." *Id.* at ¶ 19 (quoting *Anderson*, 2019 Wis.2d at 749). The court found that Steinhardt committed two acts that were significantly different in nature: (1) sitting on the bed observing Walter sexually assault F.G., an act of omission supporting Count 1; and (2) bringing F.G. to the bedroom, an act of commission supporting Count 2. *Id.* at ¶ 23. It found that each of these acts were "separate volitional acts" and that each subjected F.G. to "a new and different humiliation, danger, and pain" the court concluded that the charges were not identical in fact. *Id.*

Under Wisconsin law, the results of the first prong of the test determine the presumption under which the second prong is analyzed: if the offenses are different in law or fact, "the presumption is that the legislature intended to permit cumulative punishments." *Id.* at ¶ 24 (quoting *State v. Ziegler*, 2012 WI 73, ¶ 62). Having determined that the charges in this case were different in fact, the Wisconsin Supreme Court examined four factors to determine legislative intent: (1) the applicable statutory language; (2) the legislative history and context of the statutes; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishments for the conduct. *Id.* at ¶ 25.

The court determined that none of the factors were sufficient to rebut the presumption that the legislature had intended multiple punishments. *Id.* at ¶ 35. Under the first factor, the court determined that a common sense reading of the statutes could lead to the conclusion that the legislature intended multiple punishments because both

offenses were listed in separate subsections of the statute. *Id.* at ¶ 28. Although Count 1 had been statutorily defined as a lesser included offense of Count 2, the finding of multiple criminal "acts" negated this concern. *Id.* at ¶ 30. Regarding the second factor, the court concluded that the relevant legislative history reflected a legislative desire to emphasize the seriousness of crimes against children, indicating that cumulative punishments are appropriate. *Id.* at 31. The third and fourth factors likewise failed to rebut the presumption as Steinhardt had committed two separate acts and "multiple criminal punishments are appropriate for multiple acts." *Id.* at ¶¶ 33-34 (quoting *State v. Church*, 223 Wis.2d 641, 664 (1998)).

Finding no merit to Steinhardt's multiplicity argument, the court consequently found that that her trial counsel could not have been ineffective in failing to raise it. *Id.* at ¶ 44.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to a habeas petition filed by a person in custody pursuant to a judgment of a state court. *See* 28 U.S.C. § 2254. It contains a deferential standard of review that prevents a federal court from granting the writ with respect to any claim that was adjudicated on the merits in state court unless the petitioner shows that the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* § 2254(d). The Wisconsin Court of Appeals

5
Case 2:18-cv-01410-LA    Filed 09/17/20    Page 5 of 10    Document 21

adjudicated each of Steinhardt's claims on the merits, and therefore AEDPA's deferential standard of review applies.

## B. Double Jeopardy

The double jeopardy clause of the Fifth Amendment provides that the government shall not put a person in jeopardy of life or limb twice "for the same offense." U.S. Const. amend. V. The protection against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). The clause affords a defendant three basic protections: (1) protection against prosecution for the same offense after conviction; (2) protection against prosecution for the same offences after acquittal; and (3) protection against multiple punishments for the same offense in the same proceeding. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). The third protection is implicated here.

The protection is a limited one, as the Double Jeopardy Clause does not preclude the imposition of multiple punishments for the same offense so long as the legislature has authorized cumulative punishments. *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005) (citing *Jones*, 491 U.S. at 381). Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question of whether punishments are multiple for double jeopardy purposes is essentially one of legislative intent. *Missouri v. Hunter*, 459 U.S. 359, 366-68 (1983). "In order to determine whether a given indictment contains multiplicitous counts, we look to the applicable criminal statute to see what the allowable 'unit' of prosecution is—the minimum amount of activity for which criminal liability attaches" *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995). "Where the legislature 'intended to impose

6
Case 2:18-cv-01410-LA   Filed 09/17/20   Page 6 of 10   Document 21

multiple punishments, imposition of such sentences does not violate the Constitution.'" *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 537 (7th Cir. 2015) (quoting *Albernaz v. United States*, 450 U.S. 333, 3444 (1981)). "Thus, determining the permissibility of imposing multiple punishments for one course of conduct is a matter of discerning the legislature's intent." *Id.* The same is true for sentences imposed for violating state law. *Id.* (citing *Missouri*, 459 U.S. at 368-69).

Therefore, although a double jeopardy claim based on multiple punishments presents a federal question, it is one that turns on the intent of the Wisconsin legislature. *McCloud*, 409 F.3d at 875. Generally, state law errors are not cognizable in federal habeas proceedings, *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991), and "the fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit" me to review that interpretation. *McCloud*, 409 U.S. at 874-75. The Wisconsin Supreme court undertook an inquiry into the minimum amount of activity for which criminal liability attaches for failure to protect a child from sexual assault and first degree sexual assault of a child under 13 as party to a crime. Its inquiry relied on Wisconsin precedent that interpreted the relevant Wisconsin statutes. Its conclusion, therefore, rests on state law and is not reviewable under § 2254. *See Onyeukwu v. Kemper*, 2020 WL 1984315, at *4 (W.D. Wis. 2020) (finding that a determination of whether a course of conduct was a single episode or multiple criminal acts under Wisconsin's sexual assault statute was a matter of state law); *see also Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) ("A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.")

Violations of state laws are cognizable, however, if they result in a fundamental unfairness and consequently violate a petitioner's constitutional rights. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003). Under Wisconsin law:

> A person responsible for the welfare of a chile who has not attained the age of 16 years is guilty of a Class F felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child, is physically and emotionally capable of taking action which will prevent the intercourse or contact from taking place or being repeated, fails to take that action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person.

Wis. Stat. § 948.02(3). The Wisconsin Supreme Court found that Count 1 was supported by Steinhardt sitting on the bed throughout the sexual assault, and it is reasonable to construe sitting on the bed during a sexual assault as a failure to take action to prevent the assault. Under Wisconsin law, "Whoever has sexual contact with a person who has not attained the age of 13 years is guilty" of first degree sexual assault and anyone who "[i]ntentionally aids and abets the commission of" a crime may be charged as a party to a crime. Wis. Stat. §§ 948.02(1)(e); 939.05(1); 939.05(2). The Wisconsin Supreme Court found that Count 2 was supported by Steinhardt leading F.G. to the bedroom, knowing what Walter intended, and it is reasonable to construe that action as aiding and abetting Walter's sexual contact with F.G. I cannot say it is unreasonable to consider sitting on a bed and leading a child to a bedroom as acts of a significantly different nature. *See State v. Bergeron*, 162 Wis.2d 521, 535 (Wis. App. 1991) ("where there is a separate volitional act, there is a basis for a separate charge"). The petitioner has not identified, nor have I found, any Wisconsin precedent contrary to

the court's holding. Therefore, I cannot grant the petition based on a denial of petitioner's Fifth Amendment rights.

### C. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show two things. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, she must show that "counsel's performance was deficient," which requires her to show that counsel's representation was objectively unreasonable under the circumstances and prevailing professional norms, bearing in mind that the court must strongly presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* 687–91. Second, she must show that "the deficient performance prejudiced the defense." *Id.* at 687.

Steinhardt claims that her counsel was deficient for failing to advise her of a possible double jeopardy claim. A lawyer is not deficient for failing to raise a meritless objection. *Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010). Because Steinhardt has not shown that there was a viable double jeopardy claim, I cannot find that her counsel was ineffective. Therefore, I cannot grant the petition based on the denial of petitioner's Sixth Amendment rights.

## III. CONCLUSION

For the reasons above, **IT IS ORDERED** that Steinhardt's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), so I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2020.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
District Judge